IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRANCE LORENZO MOSLEY      :
(#206394),                   :
                             :
      Petitioner,            :
                             :
vs.                          :      CIVIL ACTION 16-0380-CG-M
                             :
LEON BOLLING,                :
                             :
      Respondent.            :

REPORT AND RECOMMENDATION

Terrance Lorenzo Mosley, a state inmate in the custody of Respondent, petitions this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.)  The petition has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72, and Rule 8 of the Rules Governing Section 2254 Cases.  The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this action.  *See Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004).  After careful consideration of the record, it is recommended that the petition be dismissed as time-barred.

PROCEDURAL AND FACTUAL BACKGROUND

On February 2, 2001, a jury in Mobile County Circuit Court returned a verdict against Petitioner, finding him guilty of manslaughter. (Doc. 14-3 at 157-59.)  On February 16, 2001,

the Circuit Court sentenced Petitioner to 20 years in prison on this conviction. (*Id.* at 190, 197.)   On June 1, 2001, Petitioner's appellate counsel filed a brief (Doc. 14-4) appealing the conviction to the Alabama Court of Criminal Appeals.   On September 21, 2001, the Court of Criminal Appeals issued final judgment affirming the conviction. (Docs. 14-6, 14-7.)   The Petitioner did not file an application for rehearing before the Court of Criminal Appeals or an application for writ of certiorari to the Supreme Court of Alabama.   He also has not filed a habeas corpus petition in state court.

Petitioner filed the instant § 2254 petition (Doc. 1) on July 12, 2016. (Doc. 1 at 13.)   He attacks his conviction on grounds of actual innocence and on grounds that the trial court found an Alabama Department of Corrections disciplinary investigation inadmissible as evidence. (Doc. 1 at 7.) Respondent's brief in opposition asserts that the Petition brought here is time-barred, is procedurally-barred since its claims have not been exhausted in state court[1], and fails on the merits. (*See* Doc. 14.)   On December 12, 2016, the undersigned ordered the Petitioner to show cause by January 3, 2017, why his claims should not be dismissed as time-barred. (Doc. 15 at 1.) Petitioner did not timely respond to this order.

---

[1] It appears that the Petitioner's claims are in fact procedurally-barred since Petitioner has not brought any state habeas corpus action. (Doc. 1 at 4, 7.)   However, the undersigned does not take up this issue since Petitioner's claims are clearly time-barred (see *infra*).

ANALYSIS

I.   PERIOD OF LIMITATIONS

Petitioner's claim is time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) that amended 28 U.S.C. § 2244.[2]   Specifically, § 2244, as amended, states in pertinent part that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Since this action does not involve an impediment to filing an application, a new constitutional right, or recently discovered facts, the latest date of the four iterated for the running of the limitation period is that on which the judgment

---

[2] The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir.1998).

against petitioner became final.  (Doc. 1 at 7 *compare* 28 U.S.C.
§ 2244(d)(1)(A).)    Petitioner  sought  direct  appeal  from  his
conviction in the Alabama Court of Criminal Appeals  (Doc. 14-
4), but did not seek a rehearing before that court, which is a
prerequisite for seeking certiorari review before the Supreme
Court of Alabama.  *See* Ala. R. App. P. 40(d)(1).  As such, his
conviction became final for the purposes of seeking a § 2254
writ when the time expired for him to seek further review.  *Id.*
*accord Jones v. Secretary, Fla. Dept. of Corrections*, 499 Fed.
Appx. 945, 950 (11th Cir. 2012).  The judgment of the Alabama
Court of Criminal Appeals became final on September 21, 2001
(Docs. 14-6, 14-7), and the time-period for seeking a rehearing
is 14 days.  Ala. R. App. P. 40(c).  Thus, the one-year statute of
limitations for filing a § 2254 petition began to run on October
5, 2001.  *See* 28 U.S.C. § 2244(d)(1).

II. STATUTORY TOLLING

The running of the limitations period is tolled by statute
while "a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment
or claim is pending."  28 U.S.C. § 2244(d)(2).  Post-conviction
review is addressed above and Petitioner states that he did not
file a petition for collateral review in state court.  (Doc. 1
at 4.)  Thus, he is not entitled to statutory tolling of the
limitations period adequate to make his claim timely.

III. EQUITABLE TOLLING

The Petitioner is also not entitled to equitable tolling, despite his allegation of actual innocense. (*See* Doc. 1 at 7.) Equitable tolling of the AEDPA's one-year limitations period is only "appropriate when a prisoner demonstrates both extraordinary circumstances that prevented him from timely filing his motion to vacate and due diligence." *Manders v. United States*, 2012 WL 72737, at *4 (M.D.Fla. Jan. 10, 2012) (citations omitted); *accord* Foley v. United States, 420 Fed. App'x 941, 942 (11th Cir. 2011) (per curiam) ("[E]quitable tolling 'is available only if a [prisoner] establishes *both* extraordinary circumstances and due diligence.'" (*quoting Diaz v. Secretary of Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (emphasis in *Diaz* ))).

Specifically, "[i]n the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Jones v. United State*s, 304 F.3d 1035 (11th Cir. 2002), *cert. denied* 538 U.S. 947 (2003). "The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' *Id.* at 1039. "The *petitioner has the burden* of proving entitlement to equitable

tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Id.* at 1039—40 (emphasis in original); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir.2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd,* 544 U.S. 295 (2005).

The Petitioner's allegation states only "actual innocence" and that the "trial court improperly excluded from the trial record and jury a statement made by the victim to the investigating correctional officer." (Doc. 1 at 7.) Having already been convicted, the Petitioenr "comes before the habeas court with a strong—and in the vast majority of cases conclusive—presumption of guilt." *Schlup v. Delo*, 513 U.S. 298, 326 n. 42 (1995). "To overcome [a procedural bar] through a showing of actual innocence, the petitioner must present 'reliable evidence . . . not presented at trial' such that 'it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *Rozzelle v. Sec'y,*

*Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) *quoting Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). The standard calls for "new reliable evidence." *Schlup*, 513 U.S. at 324.

"The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence including that . . . evidence tenably claimed to have been wrongly excluded . . . ." *Schlup*, 513 U.S. 298, 328. "[T]he standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 329. "Thus, a petitioner does not meet the threshold requirement unless he persuades that district court that, in light of the new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* "It must be presumed that a reasonable juror would consider fairly all of the evidence presented . . . [and] would conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt." *Id.*

The report in question, which included a statement by the victim, is not new evidence as it was before the trial court for purposes of determining admissibility. (Doc. 14-2 at 260-62.) The incident that the report involved occurred on May 6, 1999. (*See* Doc. 14-3 at 18-25.) According to trial court records, Petitioner attacked the victim after 6:00 a.m. on May 7, 1999,

and victim passed out in his cell at 4:59 p.m. (Doc. 14-1 at 28-29.) The victim died of an epidural hematoma, and expert testimony at trial established that changes due to such a hematoma—which would include the victim passing out—begin 15 minutes to eight hours after the precipitating trauma. (Doc. 14-2 at 371.) Since the victim passed out after 4:00 p.m. on May 7, it is extremely unlikely that his hematoma was caused by any incident that occurred on May 6. (*See id.*) It is thus not new or reliable evidence which would be suitable for overcoming a procedural bar. *See Rozzelle*, 672 F.3d at 1011.

Because the the medical evidence admitted at trial contradicts Petitioner's alternative theory of the victim's death, no reasonable juror would have found Petitioner not guilty. *See Schlup*, 513 U.S. at 329. Thus, Petitioner is not "actually innocent" and is not entitled to equitable tolling. *See id. and Jones*, 304 F.3d at 1035. Since the period of limitations to bring a § 2254 claim has expired and the Petitioner is not entitled to any tolling of that limitations period, Petitioner's claims are clearly time-barred. *See* 28 U.S.C. § 2244(d)(1).

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted)("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further").

In the instant action, Petitioner's claims are clearly time-barred, and he has failed to show that he is entitled to any tolling of the limitations period. *See* 28 U.S.C. 2244(d). He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. *See Schlup*

9

513 U.S. at 327.     Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.     *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").     Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's Petition should be dismissed; thus, he is not entitled to a certificate of appealability.

                              CONCLUSION

      After careful consideration of the record, and for the reasons stated herein above, it is recommended that the Petition (Doc. 1) be dismissed as time-barred, and that Petitioner is not entitled to a Certificate of Appealability or to proceed *in forma pauperis*[3] on appeal.

            NOTICE OF RIGHT TO FILE OBJECTIONS

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

---

[3] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ.R.Cɪᴠ.P. 72(b); S.D. Aʟᴀ. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 4th day of January 2017.

/s/ Bert W. Milling, Jr.
BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE